# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION
(*Electronically Filed*)

| | |
|---|---|
| SIOUX STEEL COMPANY, )<br>a South Dakota corporation )<br>                                Plaintiff )<br>)<br>v. )<br>)<br>PRAIRIE LAND MILLWRIGHT SERVICES, )<br>INC., an Illinois Corporation )<br>617 East U.S. Route 34 )<br>Mendota, IL )<br>)<br>*-and-* )<br>)<br>DUANE CHAON, an individual )<br>)<br>*-and-* )<br>)<br>PATRICIA CHAON, an individual )<br>)<br>                               Defendants ) | Civil Action No. 23-cv-3988<br>Judge: _____<br>Magistrate Judge: _____ |

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff, Sioux Steel Company ("Sioux Steel"), by counsel, for its Complaint against Defendants, Prairie Land Millwright Services, Inc. ("Prairie Land"), Duane Chaon ("Mr. Chaon"), and Patricia Chaon ("Mrs. Chaon") (collectively "Defendants"), alleges as follows:

**INTRODUCTION**

1. This is an action under the Illinois Uniform Fraudulent Transfers Act ("IUFTA"), codified at 740 ILCS 160/1, *et seq*. Sioux Steel seeks monetary and injunctive relief in connection with the fraudulent transfers and/or obligations incurred by Defendants, both currently known and unknown, made with the intent of hindering, delaying, or otherwise avoiding payment of the jury verdict obtained against Prairie Land and Mr. Chaon on December 21, 2022. Specifically, Sioux Steel seeks to avoid the transfers necessary to satisfy the verdict and impending judgment,

attachment of the assets transferred, an injunction against further disposition by Defendants of assets, the appointment of a receiver to manage and oversee the business affairs of Prairie Land, and any other relief the circumstances may require.

## THE PARTIES

2. Sioux Steel is a corporation organized and existing under the laws of South Dakota, with its principal place of business at 196 ½ East Sixth Street, Sioux Falls, SD 57104.

3. Sioux Steel is the owner by assignment of U.S. Patent No. 8,967,937 ("the '937 Patent"), which was duly issued by the U.S. Patent & Trademark Office ("PTO") on March 3, 2015, based upon Application Serial No. 13/229,406 filed September 9, 2011.

4. Upon information and belief, Prairie Land is a corporation organized and existing under the laws of Illinois, with its principal place of business at 617 East U.S. Route 34, Mendota, IL 61342, which is within this judicial district. According to records on file at the Illinois Secretary of State, Mr. Chaon is Prairie Land's agent for service of process.

5. Upon information and belief, Mr. Chaon is the owner and President of Prairie Land and resides at 311 N 45th Road, Mendota, IL 61342, which is within this judicial district.

6. Upon information and belief, Mrs. Chaon is the wife of Mr. Chaon and resides at 311 N 45th Road, Mendota, IL 61342, which is within this judicial district.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The requirements for diversity jurisdiction are met here because this is a civil action with an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, Sioux Steel is a citizen of South Dakota and each of the Defendants are citizens of Illinois.

8. This Court has personal jurisdiction over Prairie Land because it is an Illinois corporation, and regularly transacts business in Illinois. This Court has personal jurisdiction over

Mr. Chaon and Mrs. Chaon because they are both residents of Illinois and the actions giving rise to the claims herein occurred in Illinois.

9. Upon information and belief, venue is properly laid in this Court under 28 U.S.C. §§ 1391(b) and (c) and/or 28 U.S.C. § 1400(b) because a substantial part of the events or omissions giving rise to the underlying claims and state law claims occurred within this district, namely the acts constituting fraudulent transfers under the IUFTA.

## FACTS COMMON TO ALL CLAIMS

***Sioux Steel Obtains an $11,773,495 Jury Verdict Against Prairie Land and Mr. Chaon***

10. On February 12, 2016, Sioux Steel filed an action in the United States District Court for the Northern District of Illinois asserting claims, pursuant to 35 U.S.C. §§ 271, 284, and 285, against Prairie Land for, *inter alia*, willfully infringing the '937 Patent (hereinafter the "Infringement Action").

11. In the fall of 2019, Sioux Steel amended its Complaint in the Infringement Action asserting claims, pursuant to 35 U.S.C. §§ 271, 284, and 285, against Mr. Chaon, individually, for willfully inducing Prairie Land's infringement of the '937 Patent. A copy of the Amended Complaint is attached hereto as **Exhibit 1**.

12. After nearly seven years of litigation, an eight-day jury trial on the Infringement Action was held on December 12, 2022, until December 21, 2022.

13. On December 21, 2022, the jury returned a verdict in favor of Sioux Steel on all counts. Specifically, the jury returned a verdict against Prairie Land for willful direct infringement of the '937 Patent, and against Mr. Chaon for willful inducement of Prairie Land's direct infringement of the '937 Patent. For its damages, the jury awarded Sioux Steel $11,422,720 in lost profits and a residual reasonable royalty of 17 percent on an additional $2,063,382.40 in sales. *See* Docket No. 530, attached hereto as **Exhibit 2**. All told, Sioux Steel was awarded $11,773,495 in damages (hereinafter the "Verdict").

14. Following the Verdict, the parties engaged in post-trial briefing. On February 10, 2023, Sioux Steel filed multiple motions that effectively increased Prairie Land and Mr. Chaon's potential financial exposure. Specifically, Sioux Steel filed a motion for enhanced damages under 35 U.S.C. § 284, asking the Court to triple the jury's damages award in light of the Defendants' willful infringement, among other things. Sioux Steel also filed a motion pursuant to 35 U.S.C. § 285, requesting the Court to declare the case "exceptional" and to award Sioux Steel its attorneys' fees and related non-taxable expenses. That same day, Sioux Steel filed a motion seeking prejudgment interest of $1,218,061, statutory post-judgment interest, and supplemental damages from the last date of infringement in evidence at trial (October 12, 2022) up to the point in which a permanent injunction is entered (collectively referred to as "Post-Trial Motions").

15. As a result of the Post-Trial Motions, Prairie Land and Mr. Chaon's potential liability to Sioux Steel increased from $11,773,495 to no less than $40,000,000.

*Mr. Chaon's Fraudulent Transfers*

16. Upon information and belief, in direct response to the Verdict and Post-Trial Motions, Mr. Chaon took steps to conceal, dissipate, or otherwise shield assets in order to evade his liability to Sioux Steel. Specifically, on February 16, 2023, six days after the Post-Trial Motions were filed, Mr. Chaon quitclaimed three pieces of property with, upon information and belief, the intent of hindering Sioux Steel's ability to collect on the Verdict.

17. The first piece of property, a 6.5 acre parcel containing Mr. Chaon's homestead, was conveyed for nominal consideration from Mr. Chaon and Mrs. Chaon as husband and wife back to themselves as tenants by the entirety (hereinafter "Parcel 1"). *See* **Exhibit 3**. Upon information and belief, the assessed value of the *land* of Parcel 1 is $79,698. Upon information and belief, the total value of the property and assets transferred as part of Parcel 1 is significantly higher than this assessed value.

18. Upon information and belief, transferring assets to tenancy by the entirety is a common tactic used by a debtor-spouse to encumber and/or shield assets from creditors of the debtor-spouse.

19. On February 16, 2023, Mr. Chaon also conveyed an 80 acre piece of property ("Parcel 2") to Mrs. Chaon, individually, for nominal consideration. *See* **Exhibit 4**. Upon information and belief, according to the Lee County, Illinois tax assessor, said parcel was last sold on November 1, 2018 for $637,980.

20. That same day, Mr. Chaon conveyed a third parcel, a 127 acre property ("Parcel 3"), to Mrs. Chaon, individually, for nominal consideration. *See* **Exhibit 5**. Upon information and believe, Parcel 3's last assessed value was $69,156.

21. In addition to the above fraudulent transfers, upon information and belief, Prairie Land and Mr. Chaon have continued to sell infringing products since the Verdict, in direct contravention of the jury's findings and Sioux Steel's patent rights.

22. Given that Prairie Land is a privately held business, Sioux Steel's ability to detect similar efforts to conceal/shield assets on the part of Prairie Land is largely limited. However, given the above transfers and Defendants' conduct since the conclusion of the jury trial, Sioux Steel believes Prairie Land and/or Mr. Chaon have taken additional efforts to conceal, shield, or dissipate assets with the intent of avoiding paying Sioux Steel on the Verdict.

## COUNT I
### Illinois Uniform Fraudulent Transfer Act
**(740 ILCS 160/1, *et seq.*)**

23. Sioux Steel repeats and realleges paragraphs 1 through 22 of this Complaint as if set forth herein, and further states:

24. Upon information and belief, Defendants voluntarily transferred Parcels 1, 2, and 3 with the sole intent of avoiding payment of the debt owed to Sioux Steel by virtue of the Verdict, as well as the potential additional debt by virtue of the Post-Trial Motions.

5

25. Upon information and belief, at the time of the transfer of Parcel 1, Mrs. Chaon knew that the sole intent of the transfers was for Mr. Chaon to avoid payment of the debt owed to Sioux Steel.

26. At the time of the transfers of Parcels 1, 2, and 3, Prairie Land and Mr. Chaon were liable to Sioux Steel as debtors in the amount of the Verdict.

27. Upon information and belief, Prairie Land and Mr. Chaon made the transfers of Parcels 1, 2, and 3 without receiving a reasonably equivalent value in exchange.

28. Upon information and belief, after the transfers of Parcels 1, 2, and 3, and other heretofore unknown transfers, Prairie Land and/or Mr. Chaon failed to retain sufficient property to pay their indebtedness to Sioux Steel.

29. As a result of the transfers of Parcels 1, 2, and 3, and fraudulent transfers heretofore unknown to Sioux Steel, Sioux Steel's rights and ability to recover what is owed to it by Prairie Land and Mr. Chaon has been substantially impaired.

## COUNT II
### Accounting

30. Sioux Steel repeats and realleges paragraphs 1 through 29 of this Complaint as if set forth herein, and further states:

31. Sioux Steel demands an accounting of any and all of Prairie Land's distributions, payments, and transfers of cash or personal and/or real property since January 1, 2020.

32. Sioux Steel demands that Prairie Land and Mr. Chaon provide Sioux Steel with a balance sheet detailing their respective net worth and a list of all transfers both have made since January 1, 2020.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Sioux Steel Company requests the following relief:

A. That the transfers of Parcels 1, 2, and 3, and any other fraudulent transfer, be avoided to the extent necessary to satisfy the Verdict and/or the ultimate judgment granted in favor of Sioux Steel;

B. That Prairie Land and Mr. Chaon be enjoined from further disposing of or transferring assets for non-commercially reasonable purposes until the Verdict or ultimate judgment is paid;

C. That the Court appoint a receiver to take charge of Prairie Land such that past fraudulent transfers be discovered and to prevent future fraudulent transfers and dissipation of assets;

D. An accounting of any and all of Prairie Land's distributions, payments, and transfers of personal and/or real property since January 1, 2020;

E. That Mr. Chaon provide a verified balance sheet detailing his net worth, including assets and liabilities, as well as a list of all transfers of cash and all real and personal property, since January 1, 2020;

F. That Prairie Land provide a verified balance sheet detailing its net worth, including assets and liabilities, as well as a list of all transfers of cash and all real and personal property, as well as distributions, ownership draws, or encumbrances taken on since January 1, 2020;

G. Any other relief the circumstances may require.

## **JURY DEMAND**

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE**

Dated: June 22, 2023.

      Respectfully submitted,

      *s/ Robert J. Theuerkauf*
      Robert J. Theuerkauf (Member, N.D. Ill. Bar)
      Brian P. McGraw (Member, N.D. Ill. Bar)
      Megan E. Gibson (*pro hac vice to be filed*)
      Matthew P. Dearmond (*pro hac vice to be filed*)
      **GRAY ICE HIGDON, PLLC**
      4600 Shelbyville Road, #8022
      Louisville, KY 40257
      rjt@grayice.com
      bmcgraw@grayice.com
      mgibson@grayice.com
      mdearmond@grayice.com

      -and-

      J. Aron Carnahan (Ill. Bar No. 6242642)
      Philip D. Segrest, Jr.
      **HUSCH BLACKWELL, LLP**
      120 South Riverside – 22nd Floor
      Chicago IL 60606
      Phone: (312) 655-1500
      Fax:    (312) 655-1501
      Aron.carnahan@huschblackwell.com
      Philip.segrest@huschblackwell.com

      *COUNSEL FOR PLAINTIFF*